IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WESLEY WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-079 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Wesley Wright ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I.   BACKGROUND

Plaintiff protectively applied for SSI on April 15, 2010, alleging a disability onset date of December 23, 2004. Tr. ("R."), pp. 62, 180-183. The Social Security Administration denied Plaintiff's applications initially, R. at 83-86, and on reconsideration, R. at 90-92. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 93-94, and the ALJ held a hearing on November 18, 2011, R. at 24-61. At the hearing, the ALJ heard testimony from

Plaintiff, who was represented by counsel and Ron Spitznagle, a Vocational Expert ("VE"). Id. On April 7, 2012, the ALJ issued an unfavorable decision. R. at 12-20.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since April 15, 2010, the application date (20 C.F.R. §§ 416.971 *et seq.*).

2. The claimant has the following severe impairments: L4-S1 spondylosis with herniated disc at L-5, S-1 that abuts the right nerve root and left shoulder arthralgia (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the following residual functional capacity ("RFC") as defined in 20 CFR 416.967(b). The claimant's L4-S1 spondylosis with a herniated disc at L-5, S-1 that abuts the right nerve root and left shoulder arthralgia limits him to performing light exertional work activities that never require climbing ladders, ropes, or scaffolding. He can individually sit, stand, walk, push and/or pull for at least six of eight hours each eight-hour workday. He can lift/carry 20 pounds occasionally (up to 1/3 of an eight-hour workday) and 10 pounds frequently (up to 2/3 of an eight-hour workday). He can individually crawl for no more than 1/3 of an eight-hour workday. He should avoid concentrated exposure to extreme vibrations that might exacerbate his low back pain and left shoulder arthralgia.

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 416.969 and 416.969(a)).

R. at 14-18.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then

filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ failed to account for Plaintiff's prescribed use of a cane and/or walking stick in assessing his RFC; (2) the ALJ erred in finding that Plaintiff did not require the use of a cane based on the consultative examination; and (3) the ALJ erred in his credibility determination in utilizing "sit and squirm" jurisprudence and misstating the record. (See doc. no. 9 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 10 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is

"more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The ALJ Properly Found that Plaintiff's Cane Was Not Medically Necessary

Plaintiff alleges that the ALJ never performed the proper analysis to determine whether his cane was medically necessary. Pl.'s Br., p. 6. Plaintiff also contends the ALJ erred in relying on the consultative examination and not discussing contrary evidence in determining that Plaintiff did not require the use of a cane. Id. at 7. As a result of not performing the proper

analysis and not considering conflicting evidence, Plaintiff contends that the ALJ committed reversible error. Id. at 6-7

To find that a hand-held assistive device, such as a cane, is medically required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7. Moreover, a prescription or the lack of a prescription for an assistive device is not necessarily dispositive of medical necessity. See Staples v. Astrue, 329 F. App'x 189, 191 (10th Cir. 2009) (holding that medical documentation establishing the need for a device does not require a prescription); Howze v. Barnhart, 53 F. App'x 218, 222 (3d Cir. 2002) (holding that a prescription for a cane without more was insufficient for a finding that the cane was medically necessary). Thus, under SSR 96-9P, Plaintiff must have presented medical documentation (1) establishing the need for his cane and (2) describing the circumstances for which it is needed. Failing that, the ALJ was not required to include the use of a cane in Plaintiff's RFC.

Contrary to Plaintiff's contentions, the ALJ did make a specific finding as to Plaintiff's need for a cane as required by SSR 96-9p. The ALJ specifically found that the "medical evidence fails to substantiate claimant's subjective allegations of disabling functional limitations." R. at 16. The ALJ further expounded that, at the consultative examination, Plaintiff's "gait was normal, and he was able to get on and off the examination table without difficulty" and "was able to ambulate without walking assistance device." R. at 17. The ALJ also affirmatively discredited Plaintiff's testimony, part of which included that he used a cane for

5

ambulation. R. at 16-17. These findings by the ALJ amount to a determination that a hand-held assistive device was not medically required. In affirmatively rejecting the need for the cane and giving reasons based on substantial evidence, the ALJ performed the analysis required by SSR 96-9p. See Drawdy v. Astrue, 2008 WL 4937002 at *4 (M.D. Fla. Nov. 17, 2008) (finding reversible error where the ALJ did not affirmatively reject the need for a cane).

Plaintiff also tacitly concedes that his medical documentation does not meet the specific requirements expressed in the language of SSR 96-9p. In his brief, Plaintiff states that "[a]dmittedly, Dr. Abad never described the reasons for the need or purpose in his medical records." (Doc. no. 9, p. 6.) SSR 96-9p, by its very language, requires medical documentation that describes the circumstances for which a hand-held assistive device is needed. SSR 96-9p even gives examples of such descriptive language. 1996 WL 374185 * at 7 ("whether all the time, periodically, or only in certain situations; distance and terrain . . . ."). Plaintiff points to no such language in the medical documentation. Without such an indication or description, the ALJ was not obligated to include the use of a cane in Plaintiff's RFC.

Plaintiff also contends that it was error for the ALJ to rely on the consultative examination and not address contrary evidence by his treating physicians in determining the cane was not medically necessary. (Doc. no. 9, p. 7.) Here, the ALJ was not required to address contrary evidence by Plaintiff's treating physicians because the evidence presented by Plaintiff was insufficient to find that the cane was medically necessary in the first place. See SSR 96-9p, 1996 WL 374185, at *7. Plaintiff merely points to three instances when his pain management physician noted that his gait was antalgic, R. at 388, 598, 613, and another instance where the same physician noted that his gait was slightly antalgic, R. at 609. None of these notes mention a cane, much less conclude

that one is necessary. In contrast, the consultative examiner made an affirmative unequivocal finding that a cane was not necessary. R. at 495. Here, the ALJ justifiably relied upon the consultative examiner's affirmative conclusion.

In sum, the ALJ performed the analysis required by SSR 96-9p in affirmatively rejecting Plaintiff's need for the cane based on substantial evidence.

**B. The ALJ's Credibility Determination Was Supported by Substantial Evidence**

Plaintiff argues that the ALJ improperly assessed the credibility of his testimony regarding limitations due to his back, shoulder, and leg pain. Pl.'s Br., pp. 8-9. Specifically, Plaintiff asserts the ALJ used "sit and squirm" jurisprudence and misstated the record in regards to Plaintiff's behavior at the hearing. Id. The Commissioner argues the ALJ made a proper credibility determination that is supported by substantial evidence and that harmless error should apply to the ALJ's misstatement of the record. Comm'r's Br., pp. 6-11.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir.

7

1995).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

Here, Plaintiff testified he could sit no more than fifteen to twenty minutes, stand no more than five minutes, lift/carry no more than eight pounds, and walk about fifty feet. R. at 43-54. Plaintiff also testified that his medicine caused sleepiness, nausea and heart flutters. R. at 40. While acknowledging the evidence of Plaintiff's underlying medical conditions of L4-S1 spondylosis with a herniated disc at L5-S1 and arthralgia, R. at 14, the ALJ found that Plaintiff's above statements concerning the intensity, persistence, and limiting effects of his symptoms were not credible to the extent they were inconsistent with the RFC assessment, R. at 16. The ALJ also noted that that the medical evidence failed to substantiate claimant's subjective allegations of disabling functional limitations. R at 16. Thus, the ALJ made a specific finding that Plaintiff's subjective statements were not entirely credible. Foote, 67 F.3d at 1561.

In supporting his credibility determination, the ALJ noted that claimant's pain appears controlled on methadone and hydrocodone and also discussed the consultative examination

extensively. R. at 16, 17. The ALJ also gave the consultative examination great weight in its findings of normal muscle strength in Plaintiff's back and in all extremities. R. at 17. Even though there was painful range of motion in Plaintiff's left shoulder and lumbar spine at the examination, the ALJ noted the Plaintiff had a normal gait and was able to walk without a cane and get on the exam table without difficulty. R. at 17.

The ALJ went on to find that Plaintiff's complaint of neck pain was undercut by a normal cervical MRI in May 2011. R. at 17. The ALJ also stated that claimant's allegations of side effects from the methadone and hydrocodone were not corroborated by his medical records. The ALJ also gave "slight weight" to Plaintiff's appearance and demeanor at the hearing. R. at 17. The ALJ found that Plaintiff "betrayed no discomfort while testifying" and also incorrectly stated that Plaintiff sat for over forty-five minutes at the hearing. R. at 17. In fact, Plaintiff stood once during his testimony about halfway through the hearing. R. at 43. Lastly, the ALJ pointed to Plaintiff's inconsistent statements about his alcohol and drug use to support his credibility determination. R. at 17.

Here, the Commissioner concedes that the ALJ misstated the record in finding that Plaintiff sat for forty-five minutes at the hearing without standing. Comm'r's Br., p. 9. The Commissioner admits that the hearing only lasted for thirty-nine minutes and that Plaintiff stood up once during the hearing. Id. Given that this finding by the ALJ is incorrect, the Court must determine whether the ALJ's credibility determination is still supported by substantial evidence. Fortenberry, 612 F.2d at 950. In determining whether the ALJ's decision is supported by substantial evidence, the Court must further determine whether the misstatement of the record by the ALJ is harmless error. Wilson v. Comm'r of Soc. Sec., 500 F. App'x 857, 860 (11th Cir.

2012) (applying harmless error doctrine to a credibility determination in an ALJ's decision on SSI benefits). Harmless error will apply if there is sufficient evidence to support an adverse credibility determination independent of Plaintiff's behavior at the hearing. See id.

Here, there is substantial evidence to support the ALJ's determination. The ALJ found that Plaintiff's testimony was not credible because: (1) his pain appeared controlled by methadone and hydrocodone, (2) his muscle strength in all extremities and in his back was normal at the consultative examination, (3) he testified that he used a cane to ambulate while the consultative examiner found that he could ambulate without a cane, (4) his complaints of neck pain were negated by a completely normal cervical MRI, (5) no medical evidence corroborated his alleged pain medication side effects of drowsiness, upset stomach, and heart flutters, and (6) his testimony as to drug and alcohol use was directly contradicted by a statement Plaintiff made seven months prior to the hearing. R. at 16-17. Even without the evidence of Plaintiff's appearance and behavior at the hearing, the ALJ had a sufficient basis to support an adverse credibility determination. This is especially so given that Plaintiff's sworn testimony as to drug and alcohol use was directly contradicted by statements made a few months prior to the hearing. R. at 532; See Wilson, 500 F. App'x at 860 (finding harmless error where six other grounds supported the ALJ's credibility determination). As the ALJ's misstatement of the record would not affect the ultimate outcome of the RFC determination, the error was harmless and the credibility determination is supported by substantial evidence.

Plaintiff's contention that the ALJ employed "sit and squirm" jurisprudence is also without merit here. Pl.'s Br. at 8. Sit and squirm jurisprudence occurs when the ALJ bases his or her decision solely on the traits that the ALJ subjectively expects the claimant to manifest at

the hearing. See Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982); Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985). Such observations are imposed in lieu of objective medical evidence presented. Norris, 760 F. 2d at 1158. Here, the ALJ considered the objective medical evidence and did not base his credibility determination solely on Plaintiff's appearance at the hearing. R. at 17. Further, the ALJ only gave slight weight to Plaintiff's demeanor. R. at 17. The ALJ thus not only used other objective evidence in his credibility determination but also gave greater weight to that evidence. Such evidence included objective medical evidence by the consultative examiner, lack of corroboration of Plaintiff's testimony, and inconsistent statements by Plaintiff. R. at 16-17. Given the other sources of evidence that the ALJ considered and relied upon, the ALJ's credibility determination was not based upon a "sit and squirm" approach in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 19th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA