IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| WESLEY WRIGHT, | ) |
| Plaintiff, | ) |
| v. | ) CV 313-079 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 16). After thorough consideration of the grounds of error alleged in Plaintiff's briefing, the Magistrate Judge recommended that the Acting Commissioner's final decision be affirmed because it was based on substantial evidence. (Doc. no. 12.)

In his objections, Plaintiff focuses on the credibility determination by the ALJ and the finding by the Magistrate Judge that this determination is supported by substantial evidence (Doc. no. 16, pp. 3-4.) Plaintiff argues that out of the six findings by the ALJ that supports his credibility determination, only one had any bearing as to Plaintiff's testimony that he was unable to do light exertional work. (Id. at 3-4.) In making this credibility determination, the ALJ was only required to articulate explicit and adequate reasons for discrediting Plaintiff's allegations. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The first four points generally undermine Plaintiff's testimony of chronic disabling pain. The last two points, though not

directly related to Plaintiff's pain, show that other parts of Plaintiff's testimony are generally less than forthright. Although not all of the points supporting the ALJ's opinion directly bear on whether Plaintiff was credible in describing his functional capacity, they all bear on Plaintiff's honesty in his testimony and whether his symptoms are consistent with the medical record. As such, these reasons are adequate to support the ALJ's credibility determination, especially considering that such determinations are the province of the ALJ. Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005).

Plaintiff also objects to the ultimate force of some of the points that the Magistrate Judge cites in upholding the credibility determination. Plaintiff argues that the consultative examination, which provides evidence that Plaintiff's cane was not medically necessary, was stale and makes no ultimate conclusion as to whether Plaintiff required a cane. (Doc. no. 16, p. 4.) In addition, Plaintiff contends that additional evidence in the record supports Plaintiff's need for the cane and also argues that his statements to his doctors about drug and alcohol use are hearsay and do not provide substantial evidence for the credibility determination. (Id. at 4-5.) Here, the consultative examination was properly relied on as it tends to prove that Plaintiff did not need a cane. The length between the examination and the hearing is immaterial as the observations occurred after Plaintiff was prescribed the cane, (R. at 403), and Plaintiff alleges no new symptoms or injuries in the time after the examination. Regarding the hearsay statements in the reports, they were appropriately considered and such statements may constitute substantial evidence. See Richardson v. Perales, 402 U.S. 389, 402 (1971).

Plaintiff also objects that the Magistrate Judge failed to take into account that the ALJ found Plaintiff partially credible to the extent that he was able to do light exertional work. (Doc. no. 16, p. 1.) In supporting this argument, Plaintiff asserts that the Magistrate Judge erroneously stated the ALJ's determination was not credible instead of partially credible. (Id. at 3.) A careful review of the Magistrate Judge's Report and Recommendation shows that it correctly

2

quotes the exact credibility determination that the ALJ made on page 8. (Doc. no. 12.) A shorthand summary of this finding a page later does nothing to affect the Magistrate Judge's conclusion that the credibility determination made by the ALJ was supported by substantial evidence.

Plaintiff's objections not expressly discussed herein merely restate arguments the Magistrate Judge already addressed at length and do not offer any new information or evidence that warrants a deviation from the Magistrate Judge's recommendation. Therefore, the Court hereby **OVERRULES** Plaintiff's objections. (Doc. no. 16.) Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Acting Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the Acting Commissioner.

SO ORDERED this 3rd day of Nov., 2014, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

3